772 P.2d 263

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas R. CLARK,
Defendant–Appellant.**

**No. 16999.**

Court of Appeals of Idaho.

April 10, 1989.

Roland D. Watson, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., by Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Thomas R. Clark appeals a judgment of conviction for aggravated battery. Although Clark has specified seven issues on appeal, we believe they can be stated, in consolidated form, as (1) whether the prosecutor's information adequately informed Clark of the charge against him; (2) whether Clark's pretrial motion to discharge his appointed counsel was wrongly denied; (3) whether a photograph of the victim was improperly admitted into evidence; (4) whether the jury instructions were misleading; and (5) whether the jury's verdict was based on the evidence or was a product of passion or prejudice. For reasons explained below, we affirm the judgment of conviction.

The facts of the case are sad and simple. A thirty-five-year-old woman, Jeanette Welch, was found dead in a car parked at a campground near Coeur d'Alene. Although the cause of her death was determined to be carbon monoxide inhalation, the police noticed that her body exhibited many bruises, particularly on the head and neck. Several persons at the campground told the police, and eventually testified at trial, that they had heard or seen an altercation between the decedent and her companion, Thomas R. Clark. A charge of aggravated battery was filed against Clark, and a jury found him guilty. He received a six-year fixed sentence, which has not been challenged here. Each of the issues in this appeal relates to the adjudication of guilt.

I

Clark first attacks the sufficiency of the charge contained in the prosecutor's information. Accusing Clark of aggravated battery under I.C. §§ 18–903(b) and 18–907(a), the information alleged that he "did actually, intentionally and unlawfully strike the person of Jeanette Welch against her will[,] causing *great bodily harm* by hitting her about the head and face and choking her around the neck...." (Emphasis added.) Clark contends that this language did not adequately describe the injuries suffered by the victim, and therefore failed to apprise him of the factual basis for the state's allegation that the battery was "aggravated."

Whether an information conforms to the requirements of law is a question subject to free review on appeal. An information is legally sufficient if it contains "a plain, concise and definite written statement of the essential facts constituting the offense charged." I.C.R. 7(b). *See also State v. Lenz*, 103 Idaho 632, 651 P.2d 566 (Ct.App. 1982); I.C. §§ 19–1409, 19–1411, and 19–1418. In this case, the offense is defined by the conjunction of two statutes. Idaho Code § 18–903(b) provides that "battery" is the "[a]ctual, intentional and unlawful touching or striking of another person against the will of the other." Idaho Code § 18–907(a) provides that the battery is

"aggravated" if it "[c]auses great bodily harm. . . ."

The crux of the issue, then, is whether the statutory phrase "great bodily harm," as used in the information, was an adequate statement of the essential facts constituting the "aggravated" component of the battery. With respect to a similar issue, the Idaho Supreme Court has said the following:

> The appellant was not prejudiced because the information on which he was tried failed to describe the exact nature of the injuries inflicted, and stated only that the injuries sustained were grievous in the terms of the statute. The statutory phrase, *"grievous bodily injury,"* according to its natural import, fully, directly, and explicitly, without any uncertainty or ambiguity, sets down a statement of an act necessary to constitute the commission of an aggravated battery such as to enable a person of common understanding to know what is intended, i.e., that the injuries inflicted are in nature more serious than that which would result from a simple battery.

*State v. McKeehan*, 91 Idaho 808, 815, 430 P.2d 886, 893 (1967) (emphasis original). When the *McKeehan* case was decided, the aggravated battery statute, codified at I.C. § 18–912, referred to "grievous bodily harm." During a subsequent recodification, the word "grievous" was replaced by "great." In our view, this change would not affect the underlying rationale of the *McKeehan* decision. Based on that decision, and on the context in which the phrase "great bodily harm" was used in this case, we hold that the information was sufficient.

## II

■ Clark has been represented throughout this case by court-appointed counsel. During pretrial proceedings, Clark changed attorneys once and attempted to do so twice. (He is now represented by yet another attorney on appeal.) The first change was made as an accommodation to Clark, who told the court that the attorney did not seem to be "really on my side." Clark later asked for another change. He said he was dissatisfied, *inter alia,* because the second attorney failed to provide him a copy of the preliminary hearing transcript, failed to respond to some communications, and, in general, would not "do what I ask or want him to do." The attorney himself asked to be relieved because of strained relations and a fear that Clark would damage his own case by disrupting the attorney's presentation of the defense. The court declined to make another change in appointed counsel. The case proceeded to trial.

■ There is no contention that Clark was inadequately represented during the trial. Rather, the issue is simply whether he was entitled to demand a third appointed lawyer because he had lost faith in the second one. We hold that he was not. Absent extraordinary circumstances, the right to counsel does not include the right to appointed counsel of the defendant's choice. *State v. Wozniak*, 94 Idaho 312, 486 P.2d 1025 (1971), *overruled on other grounds, State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). In *Morris v. Slappy*, 461 U.S. 1, 14, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610 (1983), the United States Supreme Court said, "We reject the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel." More recently, the Supreme Court added:

> [W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.

*Wheat v. United States*, 486 U.S. 153, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988).

Absent a constitutional entitlement, the issue is one of discretion. A trial judge may appoint new counsel, on request, for "good cause." *State v. Clayton*, 100 Idaho 896, 606 P.2d 1000 (1980). Here, the judge found no "good cause" to make a second change of attorneys. Rather, he noted that some degree of conflict appeared likely to

exist between Clark and any appointed attorney. Accordingly, the judge left the second attorney on the case. Upon the record before us, we find no abuse of discretion.

### III

■ During the trial, several photographs—including one depicting the victim's bruised face and neck—were admitted into evidence. Clark objected to that particular photograph; indeed, he filed a pretrial motion to exclude it. He contended then, as he does now, that the photograph was inflammatory.

Where evidence is relevant to a material issue, it is admissible; however, the court has discretion to exclude it upon determining that its probative value is outweighed by its potentially unfair prejudicial impact. I.R.E. 403. On appeal, the trial court's determination will not be disturbed unless it represents an abuse of discretion. *State v. Windsor*, 110 Idaho 410, 716 P.2d 1182 (1985), *cert. denied*, 479 U.S. 964, 107 S.Ct. 463, 93 L.Ed.2d 408 (1986); *State v. Fenley*, 103 Idaho 199, 646 P.2d 441 (Ct.App. 1982). Here, the existence of physical bruises was clearly relevant to the material issue of whether "great bodily harm" had been inflicted, as alleged in the prosecutor's information. We have viewed the photograph. It is sobering but not gruesome. We would not characterize it as inflammatory. We hold that the trial judge did not abuse his discretion by refusing to exclude it from evidence.

### IV

■ Clark next attacks the jury instructions defining the terms "battery" and "aggravated battery." These instructions quoted the pertinent statutes verbatim. Clark urges that the statutory language was misleading because it enumerated various types of proscribed conduct, many of which had not been charged in this case.

We agree that it would have been preferable for the statutory quotations to be tailored to the particular conduct alleged by the prosecutor's information. However, Clark did not object when the instructions

were given. Consequently, the issue may be reviewed on appeal only to determine whether "fundamental error" occurred. An error is "fundamental" if it destroys the fairness of a trial and thereby deprives the accused of due process. *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971); *State v. Grob*, 107 Idaho 496, 690 P.2d 951 (Ct.App.1984). In this case, we do not think the over-inclusion of statutory language destroyed the fairness of the trial. The distinctions between germane and nongermane provisions were clear. Accordingly, we find no "fundamental" error.

### V

■ Clark next contends that the evidence was insufficient to support the jury's verdict convicting him of aggravated battery. The standard of review is whether there was substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Decker*, 108 Idaho 683, 701 P.2d 303 (Ct.App.1985). "[W]e are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." *State v. Campbell*, 104 Idaho 705, 718–19, 662 P.2d 1149, 1162–63 (Ct. App.1983).

As we have mentioned, the state's evidence included photographs and the testimony of persons who witnessed the altercation at the campground. It also included the testimony of a pathologist who examined the victim and performed an autopsy. He stated that the victim exhibited extensive bruising to her head, the area of her left eye, lips and neck. He described the neck injuries as being of "grave concern," "life threatening," and sufficient to cause death, although they had not done so in this case. Moreover, Clark himself admitted that he had choked the victim and had forced her to the ground during the altercation. We hold that there was substantial evidence to show that a battery had oc-

curred and that it was "aggravated" due to the infliction of "great bodily harm." The verdict will not be disturbed on appeal.

 By parity of reasoning, we also conclude that the verdict was not a product of passion or prejudice. Clark's sole basis for suggesting otherwise is that the jurors took a relatively short time—variously estimated as twenty-five or forty-two minutes —to reach a verdict after their deliberations began. However, we are not persuaded such a time period, by itself, demonstrates passion or prejudice. The jury may well have been thoroughly convinced of Clark's guilt in light of the abundant evidence against him. We are aware of no criminal case in which a verdict has been overturned solely because of the brevity of the jury's deliberations. *See* Annot., *Effect on Verdict in Criminal Case of Haste or Shortness of Time in which Jury Reached It,* 91 A.L.R.2d 1238 (1963). We decline to do so here.

In sum, we find no reversible error on any issue. Although Clark urges us to apply the doctrine of "cumulative error," we find it to be inapposite. The judgment of conviction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.