**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37950**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 704 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 15, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| THOMAS L. LANDON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment of conviction and sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Thomas L. Landon appeals from his felony conviction for aiding and abetting a robbery. Idaho Code §§ 18-6501, 18-6502, 18-6503, 12-204. Landon asserts that the district court erred in admitting his cousin's testimony and by imposing an excessive sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Landon was convicted of aiding and abetting the robbery of Jacqueline Turner at a home in Nampa. During the trial, Landon's cousin, Curtis Hunter, testified that twelve days after the robbery Landon told him of his involvement in a robbery of a woman at a home in Nampa. Because of certain differences between what Hunter said Landon told him about the robbery and the description of the robbery from Turner, Landon objected to the testimony, arguing that it was not relevant, was overly prejudicial, and the State had not "tied [Hunter's testimony] up close enough to be this incident." The district court determined that the testimony was admissible as

1

an exception to the hearsay rule, relevant, and its probative value had not been substantially outweighed by the danger of unfair prejudice. The jury convicted Landon and the district court imposed a unified term of life, with twenty years determinate. Landon timely appeals, asserting that the district court erred in admitting Hunter's testimony and by imposing an excessive sentence.

## II.

## DISCUSSION

### A.       Hunter's Testimony

Landon contends that the district court abused its discretion by admitting Hunter's testimony. He argues that the testimony was either irrelevant under Idaho Rule of Evidence 402, because Hunter's testimony was factually distinguishable from the charged robbery, or that any relevance was outweighed by unfair prejudice under I.R.E. 403. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401. Relevant evidence is admissible, except as provided by another rule, and irrelevant evidence is not admissible. I.R.E. 402. We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. I.R.E. 403. A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

On the other hand, the State contends that Landon's argument that the State had not sufficiently tied Hunter's testimony to the crime charged is, in reality, a foundation challenge under I.R.E. 901(a) and 104(b). Idaho Rule of Evidence 901(a) provides that "the requirement of

authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Idaho Rule of Evidence 104(b) states that "whenever the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or in the court's discretion subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." The State asserts that it offered Hunter's testimony of Landon's confession not as an admission to some robbery, but as an admission to the robbery for which he stood trial. Thus, the relevance of this evidence was conditioned on the presentation of evidence sufficient to support a finding by the jury that Hunter's testimony was what its proponent claimed, namely, an admission by Landon to the crime charged.

Either way, the question boils down to whether Hunter's testimony of a robbery described by Landon related to the Turner robbery. The trial of this matter took place nearly two years after the robbery. Turner testified that she and Landon developed an acquaintance-type friendship after meeting while he was moving into his residence in Nampa. On one occasion, Landon gave Turner a tattoo, which she stated she paid for. Turner also testified that on June 22, 2008, Landon asked to borrow twenty dollars from her. While running errands later that evening, Turner ran into a friend and agreed to give him a ride after stopping by Landon's residence to drop off the twenty dollars. When Turner arrived at the house she and her friend went inside and started talking to Landon. Once inside, a masked man came down the hall holding a gun. The man yelled for everyone to get down and pointed the gun at Turner's face. As Turner was going to the ground she noticed Landon was already down. Turner's friend ran out of the house and Landon got up and chased after the friend. While Landon was outside, the masked man put his knee on Turner's back, zip-tied her hands, and told her he was going to carry her out of the house and kill her if she screamed. The masked man then took money out of her wallet. Landon then returned and told the masked man that he was unable to catch the friend. The masked man once again pointed the gun at Turner's face and told her not to move. The two men left the house, leaving Turner zip-tied.

Hunter testified that Landon told him about a robbery he had participated in of a woman at a home in Nampa. The conversation occurred twelve days after the Turner robbery. Hunter did not remember many details from that conversation, but testified remembering Landon telling him that he and a friend broke into someone's house in Nampa. He also testified that Landon

3

told him he held the victim at gunpoint and that the victim was tied up to a chair. Hunter testified that the robbery involved money, although indicated that the robbery could have involved money or marijuana.

Landon also testified at trial. His testimony was similar to Turner's in that he said he was a tattoo artist, he met Turner while moving into a new residence, and that he gave Turner a tattoo. However, Landon testified that Turner paid for the tattoo with marijuana and gave him more marijuana for tattoos to be received in the future. Landon's testimony was also quite different when it came to the events of the charged crime. Landon testified that he and his friend, Bryce Wolfe, were planning to leave the Nampa area on June 22, 2008. While loading his belongings into Wolfe's truck, Turner showed up at the house with an unknown male. Turner began to question Landon if he was leaving town and if he was going to repay her for the marijuana she had given him as payment for two tattoos she had not yet received. A physical altercation began between Landon and the unknown male and once Landon got the upper hand, the unknown male ran out of the house. Landon followed the man out of house and told Wolfe to calm Turner down. When Landon came back into the house, Wolfe had Turner on the ground and had zip-tied her wrists. According to Landon, he then told Wolfe to leave her alone and the two left town.

The district court determined that Hunter testified to an admission by Landon which was connected to the prior trial testimony, "about the incident that occurred on June 22, 2008, in Nampa from the victim describing what happened, a gun being held on her, an attempt made to tie her with the ties." The district court also noted that the conversation between Landon and Hunter occurred just twelve days after the Turner robbery. Finally, the district court stated that the relevance of the evidence was not substantially outweighed by unfair prejudice.

Landon argues that the discrepancies between Turner's testimony and Hunter's testimony made Hunter's testimony dissimilar from the charged crime. Landon asserts the differences between the testimonies are: (1) whether Landon and his accomplice broke into the house or were already there lying in wait; (2) whether Landon or his accomplice held the gun; (3) whether the victim was bound on the ground or to a chair; and (4) whether the robbery involved money or marijuana.

Landon made the statements to Hunter only twelve days after the Turner robbery. Hunter agreed that he could not remember every detail, yet Hunter's testimony is sufficiently similar to

Turner's testimony: (1) Landon and an accomplice threatened a woman; (2) in Nampa; (3) at gunpoint; (4) used ties to bind the victim; (5) and robbed her. Hunter's testimony contained details that corroborated the victim's testimony. There is no indication that Landon had committed similar crimes in the area or was suspected of committing any unrelated crimes in the area. Landon did not assert that he had, in fact, been describing a different robbery. The differences between the details presented by Hunter and Turner did not render Hunter's testimony irrelevant. The jury was free to ascribe weight to the testimony. The district court did not err in admitting Hunter's testimony.

## B.     Excessive Sentence

Landon claims, given any view of the facts, that his unified life term with twenty years determinate is excessive. Specifically, Landon asserts that his sentence is excessive because the district court failed to give "proper consideration" to mitigating factors. Landon believes that a sentence of seven or eight years would be more appropriate.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The district court appropriately considered the goals of sentencing, including various mitigating factors. Applying the foregoing standards and having reviewed the record in this case, we conclude that Landon has failed to demonstrate that the court abused its discretion.

5

## III.
## CONCLUSION

The district court did not err in admitting Hunter's testimony or abuse its sentencing discretion. Therefore, Landon's judgment of conviction and sentence are affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**