**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46749**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 13, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BOB LESTER BOREN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction for domestic battery, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Bob Lester Boren appeals from the judgment of conviction for domestic battery. Boren argues that the district court erred in excluding certain evidence. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURAL BACKGROUND**

Boren was charged with attempted strangulation, Idaho Code § 18-923, and domestic battery, I.C. §§ 18-918(3)(b), 18-903(a), for an incident that occurred with his ex-wife, Kim Paddock. Boren's case proceeded to a jury trial. At trial, the jury heard testimony that Boren and Paddock had been married for seven years before obtaining a divorce. In 2015, years after the divorce, Paddock moved in with Boren. In doing so, Paddock brought all of her personal belongings which included multiple vehicles. In 2017, the two separated and Paddock moved

1

out of Boren's home leaving a majority of her belongings behind. Paddock tried to recover her property several times but her attempts were mostly unsuccessful. Consequently, Paddock initiated a civil law suit against Boren in order to get her property back.

On May 29, 2018, Paddock and Louis Boren (Bucky), Paddock and Boren's adult son, went to Boren's house. When they arrived, Paddock went into the backyard to look for Boren in the shop and later located him on the back porch of the house. The testimony regarding the events that followed differed amongst Paddock, Bucky, and Boren. Paddock testified that she spoke with Boren for a while on the back porch and the two walked into the kitchen together. Thereafter, Paddock testified that she "looked around and said [she] was glad that a lot of [her] stuff was still there and asked [Boren] where was the '76 El Camino and then he just screamed and grabbed [her] by the throat." Paddock explained that Boren put both hands around her neck with his thumbs in her tracheotomy scar and she lost consciousness. She testified that when she came to, she saw Bucky hitting Boren trying to stop Boren from strangling her.

Bucky testified on behalf of the State. He testified that his parents spoke to one another as they walked to the house. As they neared the kitchen, he heard them discussing the '76 El Camino. Once at the kitchen door, Boren tried to close the kitchen door before Paddock could enter. However, Paddock put her foot between the door and the door frame so that she could continue to talk to Boren. Then, "[t]hey started yelling and arguing about where the 76' El Camino was" located. Bucky testified that he saw Boren reach through the crack in the door and put both of his hands around Paddock's neck. At that time, Bucky testified that he jumped up and knocked Boren off of Paddock. Thereafter, he and Paddock went to Paddock's truck and she called the police. Bucky testified that Paddock's neck was unusually red, and she was coughing from the incident.

Boren testified on his own behalf. He testified that Paddock headed toward his house and he hurried past her to beat her to the door. Boren explained that he got to the house and tried to close the door behind him but Paddock put her foot in the door. Boren testified that Paddock was not talking and that he repeatedly told Paddock that she was trespassing and she needed to leave. However, Paddock kept trying to come inside. After three to five minutes of repeating himself, Boren testified that the door slammed open knocking him on the floor and Bucky ran in and began punching him in the head. Boren denied strangling or battering Paddock.

2

The evidence showed that after the incident Paddock called police and reported that Boren had choked her. Shortly thereafter, Boren called police and reported that he was assaulted in his home. Police arrived, took photographs of Paddock's neck, and Boren was arrested. Before putting on his case, Boren made an offer of proof regarding evidence that he sought to elicit from his sister, Irene Falls. Boren argued the evidence, which consisted of events that allegedly occurred in June 2018, showed that Paddock had a motive to get Boren arrested so that she could steal Boren's belongings. The State objected to admission of the proffered evidence. Ultimately, the district court excluded the evidence under Idaho Rule of Evidence 403 concluding that the probative value was substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and waste of time. Boren did not call Irene to testify. At the conclusion of the trial, the jury acquitted Boren of attempted strangulation but found him guilty of domestic battery. The district court sentenced Boren to 180 days in jail, gave him credit for time served, suspended the remainder of his sentence, and placed him on supervised probation for a period of two years. Boren timely appeals.

## II.

## ANALYSIS

Boren argues that (1) the district court abused its discretion by failing to allow him to present evidence of Paddock's motive under I.R.E. 403; and (2) the error was not harmless. In relation to his claim of error, Boren contends that the district court erred by failing to allow him to present evidence, through examination of his sister Irene, that Paddock's motive was to get Boren arrested so that she could take his property.

As set forth above, Boren made an offer of proof before putting on his case regarding testimony that he sought to elicit from Irene. Boren explained that Irene would testify to the following events: Irene and her husband changed the locks on Boren's home after he was arrested because someone broke into Boren's home. Two to three weeks after Boren was arrested, the couple went back to check on Boren's home. When doing so, they encountered Paddock and Bucky loading Boren's motorcycle into a truck. Irene's husband called the police. When the police arrived, they spoke with Paddock and made Paddock and Bucky unload the motorcycle. Finally, while officers were talking to Paddock, Irene overheard Paddock state that she "thought the house was abandoned."

In making his offer of proof, Boren explained that he sought to introduce this evidence "for motive to show that Kim Paddock wanted [Boren] arrested so she could take property that was not hers, that was [Boren's]" and to show Paddock's "false statement . . . that she thought the house was abandoned." The State objected to introduction of the evidence. After concluding the evidence was relevant, the district court excluded the evidence stating:

> [T]his is a pure [Idaho Rule of Evidence] 403 analysis . . . . If the evidence that was going to be introduced was that she and her son returned that afternoon or the next morning or even that weekend, I might consider that evidence of motive. In this case, though, it is so remote to the incident, three weeks, and it now is taking us off into a mini trial. . . . [B]ut the probative value here is substantially outweighed by the danger not just of unfair prejudice to the State, who's now going to have to completely redo this trial with a new--new trial within a trial, but it confuses the issues and misleads the jury.
>
> It also [] creates an undue delay and a waste of time. So I'm excluding any evidence related to whatever is alleged to have happened in three weeks after this incident. I just think it's so remote in time. . . . And so, to the extent this goes towards motive--and I find it doesn't really go to motive very much.
>
> The things you're going to have to look at. You're going to have to look at all the police reports. You're going to have to look at whether the motorbike was owned by her or whether it was part of the divorce settlement or the divorce decree. We don't have any of those things. We are not going to have a trial within a trial.

The trial proceeded and Boren did not call Irene to testify.

On appeal, Boren argues that I.R.E. 403 does not preclude admission of the proffered evidence because it was evidence of Paddock's bias and motive to lie which made the evidence highly probative and relevant. In addition, Boren argues the probative value was not substantially outweighed by the I.R.E. 403 dangers. Specifically, Boren contends that because the stories of Boren, Bucky, and Paddock varied, credibility was a central factor in the case and it would not have unduly delayed the trial for Boren to testify that he owned the motorcycle. In support of his argument that presentation of the evidence would not cause undue delay, Boren points to the fact that the district court "permitted Ms. Paddock to testify on her ownership of and title to the El Camino." Thus, "[i]t would not have unduly delayed the trial for the parties to offer similar testimonial evidence on who owned the motorcycle." In response, the State argues that the district court properly weighed the probative value of the evidence and determined that it

4

was substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and waste of time.[1] We agree with the State.

Idaho Rule of Evidence 403 governs the exclusion of relevant evidence and provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

We conclude that the district court did not abuse its discretion when it excluded evidence that Paddock allegedly sought to steal Boren's motorcycle three weeks after the crime to show Paddock's motive for reporting the battery to law enforcement. First, the district court determined that the evidence in question had low probative value primarily due to the fact that the proffered evidence occurred three weeks after the events leading to Boren's charges. We agree. The events leading to Boren's charges occurred May 28, 2018, and the proffered evidence allegedly occurred on June 18, 2018. Essentially, Boren sought to use the proffered evidence to show that Paddock and Bucky staged the crime against Boren in order to get Boren arrested so that she could go to his home when he was not present and steal his motorcycle. However, the nature of the proffered evidence and its proximity to the events leading to Boren's charges make Boren's claim that the evidence shows Paddock's motive to have him arrested unlikely. The evidence Boren sought to introduce to show Paddock's motive was tenuous. As such, the evidence does little to show Paddock's motive and has a low probative value.

---

[1] Boren offered the evidence to show Paddock's motive under Idaho Rule of Evidence 404(b)(2), and the district court concluded that the evidence was relevant under I.R.E. 402. However, the only rule of evidence at issue in this appeal is I.R.E. 403.

Second, the district court concluded that introduction of the evidence presented a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and was a waste of time. We agree. Admission of the evidence would have been highly prejudicial to the State. The State would have been unable to rebut the proffered evidence because, as the district court found, the State "knew nothing about" the proffered evidence before Boren discussed it while making his offer of proof. The State had already presented its case and did not have an opportunity to question Paddock about the events. In addition, the State did not review the police report from the June 18 incident, speak with Irene prior to trial, or call the responding officers to testify. If the court allowed Boren to present his proffered evidence, Boren would have had to present and establish the many facts surrounding the event and the State would have been required, but unable, to rebut Boren's evidence.

Although Boren argues that by presenting evidence that he owned the motorcycle would not cause undue delay because the court permitted the State to present evidence that Paddock owned the El Camino, the ownership of the El Camino was directly related to the crimes at issue. Ultimately, the jury was tasked with determining whether Boren battered or attempted to strangle Paddock. Presentation of the proffered evidence and the State's rebuttal would, as the district court explained, cause a "mini trial" about an issue with little probative value and would confuse the issues, mislead the jury, cause undue delay, and waste time. The district court properly weighed the probative value against the dangers discussed above and concluded that the probative value was substantially outweighed by those dangers. We cannot say that the district court abused its discretion by excluding evidence of Paddock's alleged theft to show that Paddock had a motive to get Boren arrested. Thus, we need not consider the parties harmless error arguments.

### III.

### CONCLUSION

Boren has failed to show that the district court abused its discretion by excluding evidence of Paddock's alleged theft under I.R.E. 403. Accordingly, we affirm Boren's judgment of conviction for domestic battery.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

6