# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51135

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

FREDERICK WILLIAM HARDT,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: September 26, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Frederick William Hardt appeals from his judgment of conviction for possession of a controlled substance. Hardt argues that the district court abused its discretion when it excluded specific evidence that he was homeless and that he obtained a jacket (which contained the controlled substance) from a homeless shelter. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers were conducting a property check of a daytime homeless shelter when they found a group of individuals trespassing on the property after hours. Hardt was cited for disorderly conduct. Hardt was arrested on an outstanding warrant and, during a search incident to arrest, an officer found a variety of items in Hardt's pockets,[1] including: (1) multiple lighters; (2) a substance

---

[1] At the time of Hardt's arrest, he was wearing three separate jackets. The controlled substance, for which he was found guilty, was found loose in the bottom of the second layer jacket.

1

that appeared to be marijuana in a pocket of one of his jackets; (3) a metal pipe (attached to his wallet in the right pocket of his pants) with residue in it; and (4) a loose pile of a white crystalline substance in the left pocket of the jacket. The State charged Hardt with possession of a controlled substance, possession of marijuana, and possession of drug paraphernalia. The State also alleged that Hardt was subject to an enhanced penalty based on prior convictions.

Approximately ten days prior to the jury trial, the district court held an in-chambers meeting with Hardt and the State. On the first day of the jury trial, the district court made a record of the in-chambers discussion. The record reflects that there was an understanding between the parties. Hardt and the State agreed that, if Hardt claimed he received the clothes from a homeless shelter (with methamphetamine already in the pocket) or that he was unaware of the clothes' contents, the State would then be allowed to introduce evidence about the syringes Hardt believed were in his possession--essentially he would be opening the door to that line of inquiry by the State. Also, at that time, the district court noted an apparent ruling from the in-chamber's meeting (which preceded the parties' agreement) that, should Hardt take the stand, his testimony--about his homelessness, about receiving clothes from the homeless shelter, and that it "is common for clothes at homeless shelters to have different things in them"--was more prejudicial than probative and would not be permitted. The district court acknowledged Hardt's objection to its ruling.

During trial, Officer Baron testified about the items he found inside Hardt's clothing. First, the officer testified that, based on his training and experience, methamphetamine typically appears as a "white crystalline substance" that can be ingested by smoking, which is commonly done through a metal pipe. Officer Baron testified that the loose white crystalline substance inside the pocket of the jacket was consistent with his description of methamphetamine and tested presumptive positive for methamphetamine. Officer Baron testified that the metal pipe he found attached to Hardt's wallet (in his pants' pocket) had white residue and burn marks consistent with smoking methamphetamine. Before testifying, Hardt affirmed that he would not discuss the jackets' origin pursuant to the agreement with the State. During Hardt's testimony, he admitted that he was familiar with most of the items that the officer found in the various pockets of his clothing, except the methamphetamine. Hardt testified that he believed the loose crystalline substance in the jacket's pocket was rocks.

Prior to jury deliberation, the district court granted Hardt's Idaho Criminal Rule 29 motion to dismiss the possession of marijuana charge because there was insufficient evidence to support

2

a conviction on that offense. The jury found Hardt guilty of felony possession of methamphetamine (I.C. § 37-2732(c)(1)) and acquitted him on the drug paraphernalia charge. After trial, Hardt admitted to having been previously convicted of an offense under the Uniform Controlled Substance Act (I.C. § 37-2739). Hardt timely appeals.

## II.

## STANDARD OF REVIEW

The trial court's evidentiary rulings are reviewed for an abuse of discretion. *State v. Chambers*, 166 Idaho 837, 840, 465 P.3d 1076, 1079 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

On appeal, Hardt argues that the district court abused its discretion by excluding the following testimony: (1) his homelessness; (2) he obtained the jacket that contained the controlled substance from a homeless shelter; and (3) clothes from a homeless shelter often contain items that belonged to the prior owner. Hardt also argues that his right to present a defense was violated when the district court barred his testimony about obtaining the jacket (with methamphetamine already in it) from a homeless shelter. The State responds that Hardt failed to preserve these issues for appeal based on the parties' pretrial agreement. The State asserts that, even if the issues were preserved, Hardt's acceptance of the agreement invited the alleged errors. The State also argues that the district court did not abuse its discretion by excluding the testimony regarding Hardt's homelessness, and, even if it did, the error was harmless. In reply, Hardt argues that the issues are preserved on appeal and that he did not invite the errors despite the partial agreement with the State. Further, Hardt argues that the errors were not harmless.

### A. Preservation and Invited Error

The State argues that Hardt's issues are unpreserved because, based upon the pretrial agreement with the State, he agreed not to discuss his homelessness. A party preserves an issue for appeal by properly presenting the issue with argument and authority to the trial court below

and noticing it for hearing *or* a party preserves an issue for appeal if the trial court issues an adverse ruling. Both are not required. *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849, 853-54 (2022). More simply, an adequate objection to the trial court preserves the issue to be reviewed by this Court. *Id.* at 925, 517 P.3d at 854.

Here, although Hardt was prepared to agree to the circumstances under which the State could mention the syringes that he thought he had, he specifically objected to the district court's ruling regarding the mention of homelessness and the origin of the jacket. Pursuant to Idaho Rule of Evidence 403, the district court prohibited Hardt from testifying regarding his homelessness, that he obtained clothing from a homeless shelter, and that clothes from homeless shelters have "different things in them." The district court ensured the record reflected that Hardt objected to its ruling to exclude the testimony. Therefore, by timely and properly objecting to the district court's ruling, Hardt adequately preserved the issues for appeal.

The State also argues that, under the invited error doctrine, Hardt is precluded from challenging the district court's evidentiary ruling on appeal. The State contends that the parties agreed not to discuss Hardt's homelessness in an in-chambers discussion before the jury trial. Hardt responds that the alleged errors were not invited because the district court's ruling to exclude the testimony about homelessness and homeless shelters forced him to accept the agreement made with the State.

The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose of the doctrine is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). The record reflects that Hardt objected to the district court's ruling, preventing any mention of homelessness. Hardt neither consented to nor acquiesced in district court's ruling. After the district court's ruling--that certain testimony by Hardt would be prohibited--Hardt only agreed not to open the door to questions about syringes by not testifying about obtaining the jacket at the homeless shelter and that he "didn't know what was in his clothes." Therefore, the State has failed to establish that Hardt invited the alleged errors.

**B.     Relevance**

Hardt argues that the district court abused its discretion by incorrectly applying the I.R.E. 403 balancing test to exclude evidence relevant to his defense.  Hardt asserts that the testimony of his homelessness and the origin of the jacket was pertinent to refute the knowledge element of the possession of a controlled substance charge.  We disagree.

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible.  *State v. Garcia*, 166 Idaho 661, 670-71, 462 P.3d 1125, 1134-35 (2020).  Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  I.R.E. 401; *Garcia*, 166 Idaho at 670, 462 P.3d at 1134.  Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties.  *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010).  The court may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of unfair prejudice.  I.R.E. 403.  A trial court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion.  *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989).

The district court conducted a I.R.E. 403 balancing test on the record and found that the probative value of the evidence was outweighed by the danger of unfair prejudice.  Evidence of Hardt's homelessness at the time of the crime had no bearing on any fact of consequence under I.R.E. 401 and it is not an element of the crimes for which he was being tried, nor was it probative of any fact that would establish or refute his guilt.  Such evidence was, however, unfairly prejudicial in that it could engender sympathy for Hardt and could confuse the jury who might wonder why such evidence was being presented.  The district court did not abuse its discretion by excluding evidence of Hardt's homelessness.

Hardt argues that the district court erred by excluding evidence that he obtained the jacket from a homeless shelter because it had the tendency to make his lack of knowledge as to the illegal substance in the jacket more probable.

Even relevant evidence, if unfairly prejudicial, can be excluded.  *State v. McCabe*, 174 Idaho 653, 655, 559 P.3d 331, 333 (Ct. App. 2024); *see* I.R.E. 403.  The district court determined that it was inappropriate to mention homelessness or homeless shelters.  However, the origin of the jacket was admissible evidence provided that Hardt did not reference that he obtained the jacket

5

from the homeless shelter. Contrary to Hardt's claim, the record reflects that the district court's ruling did not exclude the following evidence: it was raining that night; Hardt was not the original owner of the jacket; borrowed or gifted clothes often contain items from a previous owner or wearer; and he put on the jacket shortly before his encounter with the police and subsequent arrest. This evidence could have adequately addressed the origin of the jacket without referencing Hardt's homelessness or indicating that the jacket came from a homeless shelter. As stated above, after the district court's ruling--that certain testimony by Hardt would be prohibited--Hardt agreed not to open the door to questions about syringes by not testifying about obtaining the jacket at the homeless shelter and that he "didn't know what was in his clothes." Accordingly, Hardt chose not to address that the jacket was not his or that he was unaware of the contents of his pockets. The district court did not err in excluding Hardt's testimony by exercising its discretion pursuant to I.R.E. 403. Because we conclude that the district court did not err, we need not address the State's harmless error argument.

**C.      Constitutional Right to Present a Defense**

Hardt also argues that his right to present a defense provided in the Sixth and Fourteenth Amendments to the United States Constitution was violated when the district court excluded the evidence of homelessness and the origin of the jacket because it was an integral part of his defense to negate the element of knowledge in the charged crimes. We disagree.

A defendant in a criminal case has a constitutional right to present a defense, including the right to present the defendant's version of the facts. *State v. Thomas*, 157 Idaho 916, 919, 342 P.3d 628, 631 (2015). However, this right is not absolute. It is well established that application of evidentiary rules does not result in a violation of the constitutional right to present a defense so long as the rules are not arbitrary or disproportionate to the purposes they serve. *State v. Pagan-Lopez*, 165 Idaho 637, 642, 449 P.3d 749, 754 (Ct. App. 2019). The district court's proper application of I.R.E. 403 did not violate Hardt's constitutional rights. Moreover, to the extent Hardt agreed not to introduce a defense that the jacket was not his in exchange for the State refraining from mentioning the syringes he said he might have had, he waived any potential constitutional claim related to the decision not to present that evidence.

**IV.**

**CONCLUSION**

Hardt has failed to show the district court abused its discretion by excluding certain testimony pursuant to its discretionary weighing decision under I.R.E. 403. Hardt has also failed to show that the district court violated his constitutional right to present a defense. Therefore, Hardt's judgment of conviction for possession of a controlled substance is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.