683 P.2d 873

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Larry John JONES,
Defendant-Appellant.**

**No. 15004.**

Supreme Court of Idaho.

July 3, 1984.

Michael E. Powers, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steve Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

HUNTLEY, Justice.

Appellant Larry John Jones pled guilty to a charge of aggravated assault, waived a pre-sentence investigation and was sentenced to an indeterminate five year prison term. No direct appeal was taken. Jones now appeals from a denial of his motion for reconsideration of sentence pursuant to Rule 35, Idaho Criminal Rules.

Assuming that the standard for review of an appeal from the denial of a motion to reconsider a sentence under I.C.R. 35 is the same as the abuse of discretion standard used to review a sentence on direct appeal, the sole issue raised is whether the trial court abused its discretion in denying the motion to reconsider the sentence. We hold that it did not and affirm.

Jones contends that the sentence is excessive because he is not receiving needed psychiatric care. He claims that without

---

the proper care, he will not be released until the five year maximum is served. At that point he would not be subject to state supervision. He suggests that in five years he will be less adaptable to social norms and that society would be better protected if his sentence was reduced so that he could be placed on parole with distinct guidelines concerning psychological counseling. This is a non sequitur. If Jones is in need of such treatment and is receiving inadequate care, he is not without recourse. However, the corrective facility's conduct in this regard is not relevant to our evaluation of whether the trial court abused its sentencing discretion.

We have considered the violent nature of the offense and have reviewed the progress report prepared by the Idaho State Correctional Institution. On this record, we cannot conclude that the trial court's sentence and subsequent denial of the motion to reconsider the sentence constituted an abuse of discretion.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.