141 P.3d 1069

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael David SHUTZ, Defendant–Appellant.**

No. 29403.

Supreme Court of Idaho,
Boise, May 2006 Term.

July 28, 2006.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

TROUT, Justice.

Appellant Michael Shutz appeals from a jury verdict and judgment of conviction and sentence for the offense of injury to a child under Idaho Code § 18–1501(1).

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In December of 2001, Donna Kershner took her four-month old son Damian to the hospital after he showed signs of the flu. At this time, Shutz was living with Donna and was the primary caregiver of her two sons, Damian and Ty, while Donna worked. The doctors at the hospital told Donna to keep Damian hydrated. Four days later, Damian's symptoms worsened while Donna was at work and Shutz brought Damian to the emergency room. Damian was released that day and an appointment was scheduled for him at the pediatrics ward of St. Luke's Hospital. At the pediatrics ward, Damian underwent an MRI, revealing he suffered severe injuries caused by violent shaking. According to Shutz, Donna informed him that because of the MRI results, the Department of Health and Welfare would be getting involved. So that Donna would not lose her children, Shutz alleges he and Donna discussed him taking the blame for Damian's injuries. Initially, Shutz told a detective that he fell asleep on the couch with Damian and Damian rolled onto the floor. When Shutz

woke up, he said Damian seemed to be holding his breath, thus he panicked and shook Damian to resuscitate him. Later, he met with the same detective and said he shook Damian because he was frustrated with life.

Shutz was charged with and found guilty by a jury of one count of injury to a child under I.C. § 18–1501(1) and sentenced to a unified term of ten years imprisonment with four years fixed. Thereafter, Shutz filed a Rule 35 motion for reduction of sentence, which the district judge denied. He now appeals from his judgment of conviction, and argues: (1) the indictment was jurisdictionally deficient and, therefore, the case should be dismissed; (2) the district judge abused his discretion by restricting the testimony of one of Shutz's witnesses; (3) the district judge abused his discretion by imposing an excessive sentence and in denying Shutz's Rule 35 motion because the sentence was excessive as initially imposed.

## II.

### STANDARD OF REVIEW

■ Whether a court lacks jurisdiction is a question of law that may be raised at any time, and over which appellate courts exercise free review. *Pizzuto v. State,* 127 Idaho 469, 471, 903 P.2d 58, 60 (1995); *State v. Barros,* 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998). "Whether an information conforms to the requirements of law is also a question subject to free review." *State v. Jones,* 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). The question of whether evidence is relevant is reviewed de novo, while the decision to admit relevant evidence is reviewed for an abuse of discretion. *State v. Lamphere,* 130 Idaho 630, 632, 945 P.2d 1, 3 (1997). Also, this Court reviews both a claim that a sentence is excessive and a motion for reduction of a sentence for abuse of discretion. *State v. Hansen,* 138 Idaho 791, 795, 69 P.3d 1052, 1056 (2003).

## III.

### ANALYSIS

#### A. Indictment

■ Shutz appeals his judgment of conviction, arguing the charging document filed against him failed to expressly allege the element of "willfulness," as required for a violation of I.C. § 18–1501(1), and therefore was jurisdictionally deficient. Shutz agreed to suspend the appeal, pending the outcome of an appeal before this Court in *State v. Jones,* 140 Idaho 755, 101 P.3d 699 (2004), which specifically addressed Shutz's jurisdictional argument. Once *Jones* was published, this appeal was reactivated and the parties stipulated to submit the case on the briefs. Based upon the holding in *Jones,* Shutz's indictment is not jurisdictionally deficient because the charging document explicitly states Shutz is being charged pursuant to I.C. § 18–1501(1). Therefore, we need not address this issue further.

#### B. Exclusion of witness testimony

■ Shutz argues the district court erred by excluding the testimony of one of his close friends, John Harloe, regarding an incident where Harloe allegedly observed Donna slap Damian's brother Ty. Shutz argues the testimony is relevant because he was entitled to make an issue of whether Donna could have inflicted Damian's injuries. The district court excluded the testimony, concluding Donna's behavior toward Ty was not relevant.

■ We agree in this case that testimony regarding a single incident where Donna allegedly slapped her other son is not relevant to whether Shutz injured Damian. Moreover, the testimony is inadmissible under I.R.E. 404(a). "All relevant evidence is admissible except as otherwise provided by the rules of evidence or other applicable rules." *State v. Zichko,* 129 Idaho 259, 264, 923 P.2d 966, 971 (1996). Under I.R.E. 404(a), "evidence of a person's character or a trait of character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion...." I.R.E. 404(a). The district judge clearly did not abuse his discretion in refusing to admit Harloe's testimony.

#### C. Sentencing

■ "Where a sentence is within statutory limits, an appellant has the burden of showing a clear abuse of discretion on the part of the court imposing the sentence."

*State v. Jackson,* 130 Idaho 293, 294, 939 P.2d 1372, 1373 (1997). In *Hansen,* this Court reviewed whether a sentence was excessive:

> A sentence is reasonable if it appears necessary to achieve the primary objectives of protecting society or the related sentencing goals of deterrence, rehabilitation, or retribution. A sentence is excessive if it is unreasonable under any rational view of the facts. For the purpose of review, this Court considers the fixed term of confinement as the sentence imposed. This Court will independently review the record and consider the nature of the offense, character of the offender, and the public's interest in determining whether a sentence is excessive.

138 Idaho at 797, 69 P.3d at 1058.

■■■ Injury to a child "is punishable by imprisonment in the county jail not exceeding one (1) year, or in the state prison for not less than one (1) year nor more than ten (10) years." I.C. § 18–1501(1). Shutz asserts he was only twenty-four years old at the time of the trial; that while he does have a criminal record, it does not show a propensity for violence, as his previous crimes concern mostly drug or driving offenses; and that numerous witnesses testified he was always appropriate with the children for whom he cared. He also states he wants the opportunity to prove himself. In light of these facts, Shutz argues the district judge abused his discretion by imposing an excessive sentence.

A review of the record reveals the district court based the sentence on the "horrific" injury to an innocent infant and the belief "that there is an undue risk that if [Shutz] was placed on probation or sentence was suspended that [he] will commit other crimes." He also considered Shutz's continuous contact with law enforcement since 1995 including a prior history of battery and resisting and obstructing. The Presentence Investigation Report includes thirty-one misdemeanor charges, seven probations, twenty-three arrests and twenty jail incarcerations. Shutz's significant drug and alcohol issues were also taken into consideration as well as Shutz's failure to deal with these issues. Finally, the judge considered the need for a deterrent, as Shutz has been to jail, required to pay fines and sent to rehabilitation and "there simply has been no appreciable change" the judge could see in Shutz's conduct.

Given the nature of the offense, Shutz's extensive criminal record, the need for a deterrent and protection of society, we conclude a sentence of four years fixed, out of a possible ten year term for injury to a child, is not excessive under any reasonable view of the facts. The district judge did not abuse his discretion in imposing this sentence.

### D. Rule 35 motion

■■■ "A motion for a reduction of sentence under I.C.R. 35 is a plea for leniency. If the original sentence is not excessive, the defendant bears the burden of showing it is excessive in light of new or additional information not considered by the sentencing court." *Hansen,* 138 Idaho at 797, 69 P.3d at 1058. Shutz provided no new or additional information to the judge and simply argued the judge relied on erroneous factual findings at the time of sentencing and erred in denying the Rule 35 motion. Shutz contends the district court remarked at sentencing that Shutz had *two* convictions for DUI, when in fact he only has one DUI conviction. Also, Shutz argues, in denying his Rule 35 motion the district court wrongfully stated Damian was blind in one eye and that Shutz had maintained that Damian suffered his injuries from falling to the floor, when in fact, Shutz's testimony was that he shook Damian to resuscitate him after falling to the floor.

It is true that Shutz has only one DUI conviction as the other DUI charge was dismissed. With respect to whether Damian is blind, Shutz contends "[w]hile there was testimony that Damian was 'legally blind,' the same witness that testified to Damian's injuries stated that they were trying to reverse some of the effects by using a patch, and that Damian will have peripheral vision." The district judge did not mischaracterize the evidence in concluding that Damian is legally blind, irrespective of some possibility that he may later regain some vision. Finally, it was not error for the district judge to conclude Shutz's testimony was that Damian suffered his injuries from falling to the floor. Specifically, in the order denying Shutz's Rule 35

motion the district court stated: "[T]he Defendant has rationalized his behavior almost from the onset. At first he admitted to this offense and then proceeded to adopt a version that the child fell off of him from a couch onto a floor. The Defendant has gone on to maintain that the trauma suffered by the child was simply from the fall rather than from being shaken." The record supports this factual finding, as Shutz first admitted and then recanted that he shook Damian to resuscitate him after he fell off the couch. The district judge did not abuse his discretion in denying Shutz's Rule 35 motion.

## IV.

## CONCLUSION

We affirm the judgment of conviction entered against Shutz, as well as the sentence imposed and find no error in the district court's denial of the Rule 35 motion. The decision of the district court is affirmed.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES, concur.