181 P.3d 440

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Carl ADAIR, II, Defendant–Appellant.**

**No. 33270.**

Supreme Court of Idaho,
Boise, December 2007 Term.

Jan. 29, 2008.

Rehearing Denied April 14, 2008.

Molly J. Huskey, State Appellate Public Defender, for appellant. Justin Curtis argued.

Hon. Lawrence G. Wasden, State Attorney General, for respondent. Ken Jorgensen argued.

W. JONES, Justice.

Defendant–Appellant Carl Adair II (Adair) appeals the district court's denial of his Rule 35 motion for reduction of sentence. Adair was sentenced to seven years, with three years fixed, for sexual battery of a minor child sixteen or seventeen years old. He contends that the sentence is excessive and that the district court abused its discretion by denying his Rule 35 motion. Adair appeals to this Court.

## FACTS AND PROCEDURAL BACKGROUND

Adair plead guilty to sexual battery of a minor child sixteen or seventeen years old under I.C. § 18–1508A. At sentencing, the trial court retained jurisdiction for four to six months and sentenced Adair to the Idaho Department of Correction. The trial judge stated that he would consider placing Adair on probation upon completion of the correctional programs. The North Idaho Correctional Institution terminated the retained jurisdiction program early by recommending that the court relinquish jurisdiction. The recommendation was based on two Disciplinary Offense Reports and Adair's failure to progress in the sex offender assessment group. The trial court held a hearing and accepted North Idaho Correctional Institution's recommendation to impose the original sentence of seven years, with three years fixed, giving credit for time already served. Adair filed a Rule 35 motion for reduction of sentence, but did not appeal his original sentence. His motion alleged that his sentence was excessive, but failed to present any new

evidence as to why his sentence was excessive. The court denied that motion.

The following issues are presented to this Court on appeal:

1. Whether this Court is without jurisdiction, in light of this Court's recent decision in *Huffman,* to review the sentence because Adair failed to present any new information to the lower court in support of his Rule 35 motion.

2. Whether the district court abused its discretion in denying the Rule 35 motion for reduction of sentence.

## STANDARD OF REVIEW

■ A Rule 35 motion for reduction of sentence applies to three different situations. *State v. Arambula,* 97 Idaho 627, 629, 550 P.2d 130, 132 (1976). It provides a procedure for (1) correction of an illegal sentence, (2) correction of a sentence imposed in an illegal manner, and (3) authorizing the court to reduce a lawful sentence that, after further examination, is unduly harsh. *Arambula,* 97 Idaho at 629, 550 P.2d at 132. "[A] motion to reduce a legal sentence imposed in a legal manner is addressed to the sound discretion of the district court." *Arambula,* 97 Idaho at 630, 550 P.2d at 133 (citing Wright, Federal Practice and Procedure: Criminal § 586 (1969)). A court does not abuse its discretion if (1) the court recognizes the decision as one of discretion, (2) the court acts within the bounds of that discretion and applies appropriate legal standards, and (3) the court reaches the decision through an exercise of reason. *State v. Moore,* 131 Idaho 814, 819, 965 P.2d 174, 179 (1998) (citing *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)).

■ The defendant has the burden of showing that a sentence is excessive if the sentence is within the statutory limits. *State v. Shutz,* 143 Idaho 200, 202–03, 141 P.3d 1069, 1071–72 (2006). "A sentence is excessive if it is unreasonable under any rational view of the facts." *Shutz,* 143 Idaho at 203, 141 P.3d at 1072. A Rule 35 motion for reduction of sentence is a plea for leniency. *Id.* If the original sentence is not excessive,

then the defendant must show at the trial court level that additional facts or information make the sentence excessive in light of that additional information. *Id.* "An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information." *State v. Huffman,* 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

## ANALYSIS

**This Court has jurisdiction to review a denial of a Rule 35 motion for an excessive sentence under the abuse of discretion standard.**

■ The State argues that this Court's recent decision in *Huffman* denies this Court jurisdiction to review a denial of a Rule 35 motion for reduction of sentence as excessive absent the presentation of new evidence by the defendant. The State cites only *Huffman* as the authority for this proposition. *Huffman* does not deny this Court jurisdiction to hear this case. This Court still has the power to review the denial of a Rule 35 motion as an abuse of discretion. *See State v. Huffman,* 144 Idaho at 203, 159 P.3d at 840. The Court of Appeals recently addressed this issue finding that "[although] it might be error for this Court to grant relief on the appeal from Shumway's Rule 35 motion because his motion was not supported with new evidence [that] does not equate to a lack of subject matter jurisdiction." *State v. Shumway,* 144 Idaho 580, 582, 165 P.3d 294, 296 (2007). We agree with the Court of Appeals. Although this Court retains jurisdiction to hear an appeal from the denial of a Rule 35 motion, absent the presentation of new evidence the defendant has not met his initial burden of showing the sentence is excessive in light of new or additional information. This Court will not use a Rule 35 motion as a vehicle to review the underlying sentence absent the presentation of new evidence. It is assumed that the original sentence was within the trial court's sentencing discretion unless the defendant appeals the original sentence.

**The district court did not abuse its discretion in denying the Rule 35 motion for reduction of sentence.**

In *Huffman*, this Court stated that "[i]f a sentence is within the statutory limits, a motion for reduction of sentence under Rule 35 is a plea for leniency, and we review the denial of the motion for an abuse of discretion." *Huffman*, 144 Idaho at 203, 159 P.3d at 840 (citations omitted). However, absent the presentation of new evidence, an appeal from a Rule 35 motion merely asks this Court to review the underlying sentence. *Id.* Without additional information being presented, there is no basis for this Court to find that the denial of the Rule 35 motion was an abuse of discretion. *Id.*

Adair argues that *Huffman* is not binding retroactive authority. A judicial rule should be given only prospective effect when the rule announced in the more recent case overrules precedent upon which parties may have justifiably relied. *State v. Tipton*, 99 Idaho 670, 672, 587 P.2d 305, 307 (1978). If a case does not overrule past precedents, then this Court need not decide whether the governing case may be applied retroactively. *State v. Moon*, 140 Idaho 609, 612, 97 P.3d 476, 479 (Ct.App.2004).

This Court has never reviewed the original sentence in a Rule 35 motion, when the defendant did not appeal the original sentence and no new evidence was presented with the Rule 35 motion. In *State v. Jones*, the defendant appealed the denial of his Rule 35 motion, but not his original sentence. *State v. Jones*, 106 Idaho 837, 683 P.2d 873 (1984). This Court reviewed the denial of a Rule 35 motion for reduction of sentence; however, we did not review his original sentence. *Jones*, 106 Idaho at 838, 683 P.2d at 874. This Court only reviewed the denial of the motion. *Id.* "[T]he sole issue raised is whether the trial court abused its discretion in denying the motion to reconsider the sentence." *Id.* at 837, 683 P.2d at 873. Additionally, in *State v. Huffman*, this Court stated that "[a]n appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information." *Huffman*, 144 Idaho at 203, 159 P.3d at 840. Huffman only appealed the denial of his Rule 35 motion, and not the original sentence.

In every other Rule 35 motion this Court has reviewed, the defendant has appealed both the original sentence and the denial of the Rule 35 motion. *See Shutz*, 143 Idaho at 202, 141 P.3d at 1071; *State v. Hansen*, 138 Idaho 791, 793, 69 P.3d 1052, 1054 (2003); *Moore*, 131 Idaho at 819, 965 P.2d at 179; *State v. Jackson*, 130 Idaho 293, 939 P.2d 1372, (1997). Since *Huffman* did not overrule any prior precedents of this Court, there is no question that *Huffman* is applicable to the present case.

A trial court is granted the authority to reduce a sentence if it is excessive in light of new or additional information. *Huffman*, 144 Idaho at 203, 159 P.3d at 840. Adair's Rule 35 motion was made based on "the record and files herein and upon the information provided to the Court through the Presentence Investigation Report and the evidence produced at the sentencing hearing." No additional information was provided to the trial court to indicate that the sentence was excessive. The trial court operated within its discretion when it denied Adair's Rule 35 motion for reduction of sentence.

For the foregoing reasons, the judgment of the trial court denying Adair's Rule 35 motion for reduction of sentence is affirmed.

Chief Justice EISMANN and Justices BURDICK, J. JONES and HORTON, concur.