IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 45206

| JOHN JOSEPH MARR, | ) | |
|---|---|---|
| | ) | Boise, November 2017 Term |
| Petitioner-Respondent, | ) | |
| | ) | 2017 Opinion No. 126 |
| v. | ) | |
| | ) | |
| STATE OF IDAHO, | ) | Filed: December 20, 2017 |
| | ) | |
| Respondent-Appellant. | ) | Karel A. Lehrman, Clerk |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John R. Stegner, District Judge.

District court order granting petition for post-conviction relief, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for appellant. Kenneth K. Jorgensen, Deputy Attorney General argued.

Ferguson Durham, PLLC, Boise, for respondent. Craig H. Durham argued.

---

BURDICK, Chief Justice.

The State of Idaho appeals the district court's order granting John Joseph Marr's petition for post-conviction relief based on ineffective assistance of counsel at trial. Marr was arrested and charged with felony attempted strangulation and domestic battery with a traumatic injury. A jury found Marr not guilty as to the attempted strangulation but guilty of domestic battery with a traumatic injury. Marr's direct appeal was unsuccessful and he filed a petition for post-conviction relief based on ineffective assistance of counsel at both trial and at sentencing. After a post-conviction evidentiary hearing, the district court found Marr's attorney was ineffective at trial for failing to discover and admit evidence of the victim's reputation for belligerence and aggression when intoxicated and for failing to elicit testimony from the victim about whether she had consumed alcohol before testifying. The district court granted Marr's petition for post-conviction relief as to trial, vacating Marr's conviction. The district court denied Marr's petition for post-conviction relief as to sentencing. The Court of Appeals reversed the district court's

1

grant of post-conviction relief. We granted Marr's petition for review, and we affirm the district court's order granting Marr's petition for post-conviction relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a physical altercation between John Joseph Marr (Marr) and his wife of one week, Marci Jones (Jones) that took place during the hours between September 24, 2011, and September 25, 2011. Following the altercation, Marr called the police. Officer Alexander of the Coeur d'Alene Police Department interviewed Jones and noticed she had a swollen lip and face, bruises on her neck, chest, and arm, and bloodshot eyes. Jones admitted she had been drinking alcohol all day. Jones told Officer Alexander that she and Marr had been arguing because Jones stated she wanted to leave the house, and Marr responded by grabbing her neck and throwing her on the bed. Jones stated Marr then choked her until she passed out and that she bit Marr until he let go of her. Later, Jones again stated she wanted to leave, and Marr responded by showing Jones a closed fist, asking if she "wanted one of these." Jones stated Marr then punched her in the face, after which she told Marr to call the police and he did.

When Officer Alexander interviewed Marr, he heard a different version of what had happened. Marr stated Jones had been drinking alcohol all day, which was common, and that Jones had become belligerent. Marr asked Jones to turn down the music which sent Jones into a rage. In an attempt to restrain Jones and protect himself, Marr grabbed Jones by the wrist and pulled her onto the bed with him. Marr held Jones down in a modified choke hold to restrain her, until she bit Marr's arm. Marr then held Jones down so she could not hit him. At some point, Marr called Jones's daughter and then the police. Marr denied punching Jones and claimed both his and Jones's injuries occurred while he was restraining her and protecting himself.

Marr was arrested and charged with attempted strangulation and domestic battery with a traumatic injury. A preliminary hearing was held on October 6, 2011, with Jones serving as the State's only witness. Jones testified to a different version of events than she had told police. Jones did not recall arguing with Marr or Marr asking her to turn down the music. Jones stated Marr choked her off and on for a couple hours, and his watch caused her bruising. Jones never mentioned Marr punching her in the face. Linda Chesebro, who represented Marr at the hearing, asked Jones about the inconsistencies between what she told officers and what she testified to. Jones stated she did not have a good memory, but what she told officers would have been the truth. When Ms. Chesebro continued to press Jones, Jones changed her story multiple times.

2

Jones stated she did not recall Marr asking if she "wanted one of these" while displaying a closed fist. Jones also stated she did not ask Marr to call the cops; rather, Marr had stated he called the cops because Jones bit him.

At the conclusion of the preliminary hearing, the judge bound Marr over to face the two felony charges in district court. Sarah Sears of the Kootenai County Public Defender's Office was appointed to represent Marr. At trial, Jones's testimony was similar to her story at the preliminary hearing, though there were slight changes. Additionally, Jones mumbled and appeared shaky on the stand, and Marr told Ms. Sears that Jones appeared to be intoxicated. However, Ms. Sears failed to get a response from Jones about whether Jones had been drinking alcohol before testifying. Judge Hosack instructed the jury to consider self-defense as a potential defense to the charges. The jury found Marr not guilty of attempted strangulation, but guilty of domestic battery with a traumatic injury.

Judge John T. Mitchell sentenced Marr to the maximum ten years in prison with eight years fixed. Marr appealed, arguing his sentence was excessive and that his counsel was ineffective. The Idaho Court of Appeals upheld the sentence and did not address Marr's claim of ineffective assistance of counsel, stating he should pursue it through a petition for post-conviction relief. *State v. Marr*, No. 39918, 2013 WL 6497834, at *2–3 (Idaho Ct. App. Dec. 9, 2013).

Marr then filed for post-conviction relief in district court, claiming his counsel was ineffective at trial and at sentencing for several reasons, including failing to discover and admit evidence relevant to Marr's claim of self-defense and failing to cross-examine Jones about whether she had consumed alcohol before testifying. At a post-conviction evidentiary hearing, Marr's attorney, Craig Durham, questioned Ms. Sears about her representation of Marr at trial, specifically asking if she had investigated Jones's reputation for aggressiveness and belligerence when intoxicated. Ms. Sears stated she was aware of Jones's criminal history, but did not interview any witnesses concerning Jones's reputation for being belligerent or aggressive when intoxicated. Ms. Sears stated, "I can't say that I made a tactical decision to not include that evidence because I don't think I knew about it." She went on to say, "[I]t wouldn't have been

3

hard for me to get it if I had just, um, tried to get it. So I think I should have had that piece of information. . . . I think I missed that."[1]

At the post-conviction hearing, Marr presented evidence of what witnesses would have testified to about Jones's character and reputation for violence when intoxicated if Ms. Sears had called them at trial. Idaho State Trooper Donald Moore testified as to Jones's reputation in the Bonners Ferry community and his opinion of Jones when she is intoxicated. Trooper Moore based his statements on his encounters with Jones when he worked for the Bonners Ferry Police Department. Trooper Moore testified that in his encounters with Jones she was belligerent and physically resistant when intoxicated, and that she had a reputation for being difficult to deal with when intoxicated. The district court found that Trooper Moore's testimony that Jones was belligerent and physically resistant when intoxicated would have been admissible at Marr's trial.

The district court concluded that Marr's trial counsel was ineffective. First, the district court concluded Marr's trial counsel was ineffective for failing to investigate Jones's reputation for aggression when intoxicated and then subsequently for failing to call Trooper Moore to testify about Jones's character, as it would have supported Marr's claim that Jones attacked Marr, and that Marr had acted in self-defense. Second, the district court concluded Marr's trial counsel was ineffective for failing to elicit a response from Jones about whether she had been drinking before testifying, as it undermined Jones's credibility. The district court granted Marr's petition for post-conviction relief as to the ineffective assistance of counsel at trial, but denied it as to sentencing. The State appealed, and the Idaho Court of Appeals reversed the district court's grant of post-conviction relief. This Court granted Marr's timely petition for review.

## II.    ISSUES ON APPEAL

1. Whether counsel was ineffective when she failed to investigate Jones's character for aggression and belligerence when intoxicated, and then subsequently failed to discover and admit Trooper Moore's testimony about Jones's character and reputation.

## III.    STANDARD OF REVIEW

When addressing a petition for review, this Court will give "serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Schall*, 157 Idaho 488, 491, 337 P.3d 647, 650 (2014) (quoting *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007)). "Proceedings for post-conviction relief are civil in nature, rather

---

[1] The State contends these statements by Ms. Sears at Marr's post-conviction evidentiary hearing related to a single police report; however, the district court found the statements were referring to the fact that Ms. Sears failed to investigate and obtain evidence related to Jones's character.

than criminal, and therefore the applicant must prove the allegations in the request for relief by a preponderance of the evidence." *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013). "When reviewing a district court's decision to grant or deny a petition for post-conviction relief following an evidentiary hearing, this Court will not disturb the district court's factual findings unless they are clearly erroneous." *Booth v. State*, 151 Idaho 612, 617, 262 P.3d 255, 260 (2011) (citing I.R.C.P. 52(a)).

"A claim of ineffective assistance of counsel presents a mixed question of law and fact." *Id.*; *Strickland v. Washington*, 466 U.S. 668, 698 (1984). "When faced with a mixed question of fact and law, the Court will defer to the district court's factual findings if supported by substantial evidence, but will exercise free review over the application of the relevant law to those facts." *Booth*, 151 Idaho at 617, 262 P.3d at 260.

## IV.   ANALYSIS

Marr contends the district court properly granted his petition for post-conviction relief for two main reasons. First, Marr contends Ms. Sears provided ineffective assistance of counsel when she failed to investigate Jones's reputation for belligerence and aggression when intoxicated. Specifically, Ms. Sears should have discovered Trooper Moore and called him to testify at trial about Jones's reputation for belligerence and aggression as related to Marr's claim of self-defense. Second, Marr contends Ms. Sears provided ineffective assistance of counsel when she failed to elicit a response from Jones about whether Jones was intoxicated while testifying. For the reasons discussed below, we affirm the district court's order granting Marr's petition for post-conviction relief.

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Strickland*, 466 U.S. at 687; *see also Booth*, 151 Idaho at 617, 262 P.3d at 260. A defendant claiming ineffective assistance of counsel must show that (1) counsel's representation was deficient; and (2) counsel's deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 688–92; *Booth*, 151 Idaho at 617, 262 P.3d at 260. To show counsel was deficient, the defendant has the burden of showing that his attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Beasley v. State*, 126 Idaho 356, 359, 883 P.2d 714, 717 (Ct. App. 1994). To show that counsel's deficient performance was prejudicial, the defendant must show there is a reasonable probability that, but for counsel's deficiencies, the result of the proceeding would have been different.

5

*Strickland*, 466 U.S. at 669; *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. When evaluating a claim of ineffective assistance of counsel, "this Court does not second-guess strategic and tactical decisions, and such decisions cannot serve as a basis for post-conviction relief unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective review." *State v. Shackelford*, 150 Idaho 355, 382–83, 247 P.3d 582, 609–10 (2010).

At a defendant's trial, "All relevant evidence is admissible except as otherwise provided by the rules of evidence or other applicable rules." *State v. Shutz*, 143 Idaho 200, 202, 141 P.3d 1069, 1071 (2006) (quoting *State v. Zichko*, 129 Idaho 259, 264, 923 P.2d 966, 971 (1996)). Under Idaho Rule of Evidence 404, evidence of a person's character trait is generally not admissible for the purpose of showing the person acted in conformity with that trait on a particular occasion. I.R.E. 404(a); *State v. Almaraz*, 154 Idaho 584, 591, 301 P.3d 242, 249 (2013). However, there are exceptions to the general rule. One such exception that is applicable here provides that, in a criminal case, a defendant can offer evidence of the victim's pertinent character trait. I.R.E. 404(a)(2). Thus, in a case involving battery, a defendant can offer reputation or opinion evidence about the victim's character trait for violence to show the victim was the initial aggressor or that the force used against the victim was necessary for self-protection. I.R.E. 405(a); *State v. Hernandez*, 133 Idaho 576, 584, 990 P.2d 742, 750 (Ct. App. 1999).

Marr contends that Jones became belligerently intoxicated, attacked him, and that he acted in self-defense. At Marr's post-conviction hearing, Marr demonstrated that if Ms. Sears had called Trooper Moore to testify at Marr's trial, that Trooper Moore would have testified to Jones's reputation for being belligerent, difficult, and physically resistant when intoxicated, which was relevant to Marr's claim of self-defense, and admissible under the Idaho Rules of Evidence. The State contends that Jones's reputation for being belligerent and resistant when intoxicated was not admissible at Marr's trial to show Jones was the initial aggressor or that Marr acted in self-defense, because belligerence is not synonymous with aggression.

The definition of belligerent, "As a personality trait, refers to one who is overly assertive, hostile or combative." *Black's Law Dictionary* 155 (6th ed. 1990). Thus, someone who is belligerent is "hostile" and "combative." *Id.* If Jones is belligerent when intoxicated, it follows that Jones is hostile and combative when intoxicated. This is directly relevant to Marr's claim

6

that he was attacked by Jones when she was intoxicated and that he acted in self-defense. Idaho Rule of Evidence 404 specifically allows a defendant, such as Marr, to offer evidence of the victim's pertinent character trait. I.R.E. 404(a)(2). This can include testimony about the victim's violent character to show the victim was the initial aggressor when the defendant claims he acted in self-defense. I.R.E. 405(a); *Hernandez*, 133 Idaho at 584, 990 P.2d at 750. Here, Jones's character trait for belligerence is relevant because it is synonymous with hostility and combativeness, and Marr claims that Jones was the initial aggressor and that he acted in self-defense when he restrained Jones. Therefore, testimony from Trooper Moore about Jones's reputation for belligerence when intoxicated would have been admissible at Marr's trial under Idaho Rule of Evidence 404(a)(2) and 405(a). Accordingly, the district court correctly found that Trooper Moore's testimony about Jones would have been admissible at trial, and would have supported Marr's contention that he acted in self-defense.

The State contends that even if Trooper Moore's testimony about Jones would have been admissible at trial, Ms. Sears was not ineffective when she failed to discover and present it. The State argues that Marr's trial counsel engaged in a reasonable investigation by checking the ISTARS database, and a reasonable investigation is all that the law requires. *See Mitchell v. State*, 132 Idaho 274, 280, 971 P.2d 727, 733 (1998). However, the district court found that Ms. Sears did not engage in a reasonable investigation into Jones's criminal history, nor did she make a tactical decision to not pursue evidence of Jones's character. The district court stated "Sears . . . did not make a tactical decision to exclude evidence relating to Jones's character because she just missed it." Additionally, Ms. Sears stated at the post-conviction hearing, "it wouldn't have been hard for me to get it if I had just, um, tried to get it. So I think I should have had that information." Though the State contends Ms. Sears's statements related to a single police report, there is substantial evidence to support the district court's determination that the statements related to Ms. Sears's failure to investigate and put on evidence of Jones's character and reputation when intoxicated.

Next, the State argues, Marr did not properly admit evidence showing that Ms. Sears would have found Trooper Moore if she had conducted an investigation into Jones's criminal history. The State contends that the Idaho repository, which lists Trooper Moore as the arresting officer in Jones's Boundary County cases, was only attached to an affidavit submitted in support of Marr's petition and was not properly admitted into evidence. Therefore, the State contends,

7

the repository document cannot support Marr's position that if Ms. Sears would have investigated Jones she would have subsequently found Trooper Moore. The State's argument is unavailing. The district court, in finding Ms. Sears was ineffective for failing to investigate Jones, and subsequently find Trooper Moore, stated that, "Sears testified that despite being aware of Jones's criminal history, which suggested Jones was a nasty drunk, she did not interview a single person about Jones's character or reputation for being belligerent while intoxicated." The district court focused on Ms. Sears's failure on the whole to investigate Jones, and concluded that Ms. Sears should have found and called Trooper Moore.

Moreover, the post-conviction statute specifically authorizes the court to consider affidavits when determining whether or not to grant a petition for post-conviction relief. I.C. § 19-4907. The statute states, "The court may receive proof by affidavits, depositions, oral testimony, or other evidence." *Id.* The statute does not prohibit a district judge from considering affidavits presented at the evidentiary hearing when determining whether or not to grant post-conviction relief. Here, the affidavit that identified Trooper Moore was properly considered by the district court. The document was relevant and admissible under the Idaho Rules of Evidence, as it was offered in support of Marr's claim that his counsel failed to investigate the victim's reputation for violence, which was relevant to his claim of self-defense. *See Shutz*, 143 Idaho at 202, 141 P.3d at 1071; I.R.E. 404(a); I.R.E. 405(a). Additionally, a foundation was laid for the admission of the repository document during the examination of Ms. Sears by Marr's new attorney, Mr. Durham. Mr. Durham had Ms. Sears identify the repository and describe the information it contained. Both parties, as well as the district judge, were aware of and considered the repository document that identified Trooper Moore as the arresting officer in Jones's Boundary County cases during the post-conviction hearing. Thus, there was sufficient evidence in the record to support the district court's determination that Ms. Sears should have conducted an investigation into Jones's reputation, and subsequently found and called Trooper Moore.

We turn now to apply the principles discussed above to the test for ineffective assistance of counsel articulated in *Strickland*, 466 U.S. at 688–92. As to the deficiency prong, we conclude the district court correctly found Ms. Sears's performance was deficient. To satisfy the deficiency prong, Marr must show that Ms. Sears's performance fell below an objective standard of reasonableness. *Aragon*, 114 Idaho at 760, 760 P.2d at 1176. "A lawyer who fails adequately to investigate, and to introduce into evidence, [evidence] that demonstrate[s] [her] client's factual

8

innocence, or that raise[s] sufficient doubt as to that question to undermine confidence in the verdict, renders deficient performance." *Hart v. Gomez*, 174 F.3d 1067, 1070 (9th Cir. 1999). Ms. Sears's failure to investigate Jones's character and call Trooper Moore to testify to Jones's character for belligerence when intoxicated was not "reasonable[] under prevailing professional norms" when Ms. Sears's client, Marr, was asserting self-defense. *Wurdemann v. State*, 161 Idaho 713, 717, 390 P.3d 439, 443 (2017) (quoting *State v. Mathews*, 133 Idaho 300, 306, 986 P.2d 323, 329 (1999)). While a tactical decision generally cannot be the basis for relief, a decision constitutes deficient performance when the "decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review." *Id.*

Here, the district court found that Ms. Sears did not make a strategic or tactical decision to exclude evidence of Jones's character and reputation, but rather that she "just missed it." "This is a factual finding. . . . We will not disturb such a finding unless it is clearly erroneous." *Id.* at 721, 390 P.3d at 447 (citations omitted). We conclude that the district court did not err when it found that Ms. Sears did not make a tactical decision to exclude evidence relating to Jones's character. As the district court correctly stated, "Any reasonable attorney would have presented this evidence to bolster her client's claim of self-defense." Because Ms. Sears did not make a tactical decision to exclude the evidence at issue, and because her failure to investigate and put on evidence of Jones's character as related to Marr's self-defense claim was not reasonable under prevailing professional norms, her performance fell below an objective standard of reasonableness and was therefore deficient. As such, Marr satisfied the first prong of the *Strickland* test.

Moving to the second prong of *Strickland*, the district court correctly found there was a reasonable probability that the result of Marr's trial would have been different if the jury heard Trooper Moore's testimony. To satisfy the prejudice prong of *Strickland*, Marr must show that there is a reasonable probability that, but for counsel's deficiencies, the result of the proceeding would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. Jones's inconsistent testimony, coupled with the fact that the jury acquitted Marr of the attempted strangulation charge, demonstrates that the jury may not have believed Jones's testimony at least as to the attempted strangulation. If Ms. Sears had called Trooper Moore to testify at trial, Marr's claim of self-defense would have been more credible, and it is possible the jury would have acquitted

Marr of both charges, and thus there is a reasonable probability that the result of trial would have been different. Therefore, the second prong of *Strickland* requiring a showing of prejudice is satisfied. Accordingly, the district court correctly determined that Marr's counsel was ineffective when she failed to investigate Jones's criminal history, and subsequently discover and admit Trooper Moore's testimony about Jones's character The district court's grant of Marr's petition for post-conviction relief on this ground is affirmed. Our decision on this ground obviates the need to address whether Ms. Sears was ineffective for failing to cross-examine Jones about her alcohol consumption prior to testifying.

## V.    CONCLUSION

We affirm the district court's grant of Marr's petition for post-conviction relief.

Justices JONES, HORTON, BRODY and BEVAN, **CONCUR.**