IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46349

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Filed: March 27, 2020 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JESSY CAL BERRY, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Lemhi County. Hon. Stevan H. Thompson, District Judge.

Judgment of conviction for grand theft and unlawful possession of a firearm, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Jessy Cal Berry appeals from the judgment of conviction for grand theft and unlawful possession of a firearm. Berry argues that the district court erred in allowing the State to present certain evidence. For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Berry was charged with grand theft, Idaho Code §§ 18-2403(1) and (4), 18-2407(1)(b), and unlawful possession of a firearm, I.C. §§ 18-3316, 18-310(g). The charges arose when police were dispatched to a residence after receiving a report of a battered female. Upon arriving at the residence, Berry's eighty-year-old grandmother (Beverly) informed officers that Berry had arrived at her home intoxicated and attacked her. Beverly explained that Berry punched her in the chest, threw her on the ground, and threatened to kill her. According to Beverly, the attack lasted about

1

an hour. Beverly explained that when Berry went to the back of the house she was able to escape and run to the neighbor's property. She locked herself in the neighbor's vacant barn and waited for Berry to leave her residence. After Berry left, Beverly returned to her house to retrieve some of her belongings and noticed that her handgun was missing. Thereafter, Beverly left her house, drove to a local lodge, and reported the incident to dispatch. Officers transported Beverly to the emergency room where she was treated and released. Officers took photographs of Beverly's injuries and transported her to a care facility. Thereafter, officers located Beverly's stolen gun at Berry's home.

As a result of the incident, the State charged Berry with battery, aggravated assault, second degree kidnapping, grand theft, and unlawful possession of a firearm. The district court severed the crimes against Beverly's person (battery, second degree kidnapping, and aggravated assault) from the gun crimes (grand theft and unlawful possession of a firearm) for trial. In the first trial, the jury convicted Berry of misdemeanor battery and a lesser included offense of false imprisonment. Before the second trial, which is the subject of the instant appeal, the district court and the parties agreed to bifurcate the charges and allow the jury to hear and decide Count I (grand theft) and then hear and decide Count II (felon in possession of a firearm). They did so because Count II would inform the jury of Berry's prior felony conviction which they would not normally know about in deciding Count I. After agreeing to bifurcate the trial, the district court raised another concern sua sponte. The court explained that it believed that Beverly's testimony from the first trial regarding the battery and second degree kidnapping was admissible as to Count I (grand theft) given the State's theory that Berry stole the gun immediately after the battery occurred. However, the court wondered whether the evidence may not be admissible as to Count II (unlawful possession of a firearm).

The court presented the parties with an opportunity to argue about the admissibility of the evidence. In doing so, the State argued that Berry's attack of Beverly explained how Berry came into possession of the firearm. The State acknowledged that there was potential prejudice with offering some information from the prior trial and offered to "make every effort not to have some of that information from that prior trial come in." However, Berry objected to all of the information about the attack of Beverly "wholesale" as being substantially more prejudicial than probative under Idaho Rule of Evidence 403.

Following Berry's argument, the district court explained the following:

Very well. Well, the court's intent would be to proceed as I've described. And as far as a pretrial ruling on the 404(b)--403 issue, the court is going to allow the State some leeway in presenting that kind of background information of where this gun was allegedly taken from, who it belonged to, how Mr. Berry had access to that home on the particular day in question it was alleged to have been taken, and the events that transpired between he and Ms. Berry, although I don't think the detail of the prior trial needs to be presented, necessarily, with the photographs showing the battery injuries and all of those types of things, simply the interaction that's alleged to have occurred between the two of them. Certainly will be no reference to him being convicted of a misdemeanor battery or false imprisonment. That would be inadmissible.

But the events of that day, as the State indicated, are relevant to why Ms. Berry went to look for her gun. Her testimony that she alleges that it was there before, I assume--before and after [verbatim] those events, I think, are relevant and admissible to the theory that Mr. Berry actually took the gun. The alternative theory is that he simply possessed it at a later time, knowing or should have known that it was stolen.

So the court's going to proceed with the jury on Count I without any reference to Count II. So the jury will not be told in opening statements or this court's instructions about the existence of Count II. Once a verdict is rendered, then obviously we'll regroup. But it's the intention of the court to then reinstruct the jury that--and advise them of Count II and the elements of Count II, proceed with whatever opening statements counsel may wish to make, and then present whatever evidence the State wishes to present and any evidence the defendant wishes to present as to that charge, and then resubmit it to the jury for deliberation as to Count II. I think that's the--that's going to be the ruling of the court, how we'll proceed.

On appeal, the parties dispute whether the court made a ruling on the issue of admissibility before trial. At trial, the State presented various evidence about the altercation between Berry and Beverly without further objection. Ultimately, the jury found Berry guilty of grand theft and unlawful possession of a firearm. The district court sentenced Berry to ten years with three years determinate for grand theft and a concurrent unified term of five years with three years determinate for unlawful possession of a firearm. Berry timely appeals.

## II.

## ANALYSIS

Berry argues that the district court abused its discretion by allowing the State to present evidence of Berry's violence against Beverly under I.R.E. 403 and the error was not harmless. In response, the State argues that (1) Berry failed to preserve his argument for appeal; (2) regardless, the district court did not abuse its discretion by allowing the State to present evidence about the

events that transpired between Berry and Beverly under I.R.E. 403; and (3) even if the district court erred, any such error was harmless.

First, we must address the State's preservation argument. The State cites to *State v. Hester*, 114 Idaho 688, 700, 760 P.2d 27, 39 (1988) and contends that Berry's argument is not preserved for appeal because he did not obtain an unqualified adverse ruling on his motion in limine and he failed to object to evidence of the altercation at trial. More specifically, the State claims that the court's statement that it would "allow the State some leeway" in presenting evidence of the altercation, and that it did not "think the detail of the prior trial needs to be presented, necessarily" both indicate that the court was deferring its ruling to see how the evidence played out at trial. While the State's contention is well taken, we will assume without deciding that Berry's argument is preserved for appeal. Nonetheless, Berry's claim fails.

In relation to I.R.E. 403, Berry contends that the district court failed to conduct the appropriate balancing test. Berry argues that although the district court mentioned I.R.E. 403, the court abused its discretion because it did not discuss how it balanced the evidence it deemed relevant against its prejudicial effect. Berry contends that under *State v. Samuel*, 165 Idaho 746, 452 P.3d 768 (2019) and *State v. Parker*, 157 Idaho 132, 334 P.3d 806 (2014), the district court was required to discuss its balancing on the record. Next, Berry argues that even if the court did conduct the I.R.E. 403 balancing test, it erred in determining that the probative value was not substantially outweighed by the danger of unfair prejudice. Finally, Berry claims that the State cannot show that the district court's errors were harmless.

The relevancy of evidence is reviewed de novo. *State v. Shutz*, 143 Idaho 200, 202, 141 P.3d 1069, 1071 (2006). Idaho Rule of Evidence 403 governs the exclusion of relevant evidence and provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable

4

to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

We conclude that the district court did not abuse its discretion by allowing the State to present some evidence of the events that transpired between Berry and Beverly. First, contrary to Berry's contention, the district court was not required to expressly articulate its I.R.E. 403 balancing on the record when it is apparent from the record. Second, the court conducted the required analysis under I.R.E. 403 and correctly concluded that some of the evidence of the interaction between Berry and Beverly outweighed the risk of unfair prejudice and some did not. In deciding on Berry's objection, the court explicitly cited to I.R.E. 403. Thereafter, the court concluded that certain evidence pertaining to the altercation (i.e. where the gun was taken from, who it belonged to, and how Berry had access to Beverly's home) was probative and admissible. The district court also applied the balancing test to exclude evidence that it deemed unfairly prejudicial. The evidence the court deemed inadmissible included details of the prior trial, photographs of Beverly's injuries, and references to Berry's false imprisonment and battery convictions.

The probative value of evidence relating to the altercation was high because it was relevant to prove how Berry came into possession of the gun, that Berry wrongfully took Beverly's gun, and that Berry intended to take the gun. Although Berry takes issue with the district court allowing the State to admit certain evidence of the altercation, evidence is not unfairly prejudicial simply because it is damaging to a defendant's case. Instead, evidence is unfairly prejudicial when it suggests decision on an improper basis. *State v. Fordyce*, 151 Idaho 868, 870, 264 P.3d 975, 977 (Ct. App. 2011). The evidence that the district court ruled admissible did not suggest decision on an improper basis. Thus, Berry has not shown that the district court abused its discretion.

## III.

## CONCLUSION

Berry has failed to show that the district court abused its discretion in admitting evidence of the altercation under I.R.E. 403. Accordingly, we affirm Berry's judgment of conviction for grand theft and unlawful possession of a firearm.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

5