# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51940

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

DONNA MARIE FORTNER,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: January 28, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Donna Marie Fortner appeals from the district court's order denying her Idaho Criminal Rule 35 motion for reduction of sentence. In denying the motion, the district court concluded that it lacked jurisdiction and that, even if it considered the motion, Fortner failed to present any new information. Fortner argues the district court abused its discretion by refusing to entertain or consider the merits of her Rule 35 motion on jurisdictional grounds and that the district court should have, instead, considered whether the information she presented warranted relief. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Fortner pled guilty to possession of a controlled substance (Idaho Code § 37-2732(c)).[1] At sentencing, the district court acknowledged that Fortner had pending criminal cases in Canyon County and Bingham County. The district court remanded Fortner to the custody of the Idaho Department of Correction and indicated that it expected the Bingham County district court to do the same. The district court sentenced Fortner to an indeterminate term of three years with zero years determinate.[2] Fortner did not appeal her conviction or sentence.

Fortner timely filed a Rule 35 motion seeking a reduction of her sentence. In her motion, Fortner asked the district court to reconsider her sentence in light of being placed on probation in both her Canyon County and Bingham County cases, both of which involved her participation in drug court. The district court issued a notice of intent to decide the motion without a hearing, giving the parties twenty days to submit additional material, which neither party did.

The district court denied Fortner's motion. In its order, the district court concluded that Fortner had not presented any new information showing that her sentence is excessive and, therefore, the district court lacked jurisdiction to grant relief. The district court additionally noted that, even if it had "the power to entertain her request," it "must" deny Fortner's motion because the district court was simply being asked to "rethink a decision it [had] already made using the same arguments and information the Court [had] already considered. Rule 35 mandates that defendants provide something more in order to obtain any relief. Ms. Fortner has not done so." Fortner timely appeals.

# II.

## STANDARD OF REVIEW

Sentencing is a matter for the trial court's discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the

---

[1]    In exchange for her guilty plea, additional charges were dismissed including an allegation that she is a persistent violator.

[2]    This sentence was ordered to run concurrently with the sentence previously imposed in Bingham County.

boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Fortner argues that the district court's refusal to entertain or consider the merits of her Rule 35 request for leniency demonstrates an abuse of discretion because the district court incorrectly concluded that it lacked jurisdiction. The State argues that Fortner failed to show the district court abused its discretion by denying the Rule 35 motion or in concluding that it lacked jurisdiction. We agree with Fortner that the district court erred in concluding it lacked jurisdiction to consider the merits of her Rule 35 motion based on its view that Fortner did not provide new or additional information in support of the motion. *See State v. Adair*, 145 Idaho 514, 516, 181 P.3d 440, 442 (2008) (concluding that, although a defendant may not be entitled to Rule 35 relief absent the presentation of new evidence, such failure does not deprive the trial court of jurisdiction to consider the motion). However, Fortner has failed to show the district court abused its discretion in its alternative decision denying her Rule 35 motion.

In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). A Rule 35 movant wishing to submit additional evidence should make an "offer of proof" in the motion itself *or* by an accompanying affidavit to enable the district court to make a reasoned decision on whether to hold an evidentiary hearing and to create a record upon which appellate review may be based. *State v. Fortin*, 124 Idaho 323, 328, 859 P.2d 359, 364 (Ct. App. 1993).

In her Rule 35 motion, Fortner asked the district court to reduce her sentence by either commuting it to credit for time served or "amend the sentence to allow [her] supervised probation with the condition she complete Canyon County Drug Court." Although not expressly identified as new or additional information, Fortner's Rule 35 request noted she was sentenced in Canyon County "to a probationary sentence that included required participation in drug court" and in her Bingham County case she was continued "on a period of supervised probation with the condition she complete Canyon County Drug Court." Fortner argues that this information was new because

the outcomes of the sentencing in her Canyon County case and the probation violation disposition in her Bingham County case were unknown at the time of sentencing in this case. The district court recognized as much and imposed sentence with this understanding. The district court explained it would order its three-year indeterminate sentence to run concurrent with Fortner's Bingham County sentence and that, when Fortner was sentenced in Canyon County, that judge would decide "whether it's concurrent with that case as well." The district court advised Fortner: "That way I've given the Department of Corrections some flexibility."

While what *actually* happened in Fortner's other cases may have been "new," the *potential* outcomes in those cases were not. Every criminal case has a limited range of possible outcomes: (1) some form of community supervision (including treatment court); (2) a period of retained jurisdiction; or (3) a term of imprisonment. It is evident from the record that the district court imposed sentence in this case with those possibilities in mind. That one of the potential outcomes became the actual outcome was not new information or information not already considered by the district court. As such, the district court did not view the fact of what actually happened in Fortner's other cases as new. This was not an abuse of discretion. Fortner has therefore failed to show the district court abused its discretion in denying her Rule 35 motion.

## IV.

## CONCLUSION

Fortner has not shown the district court abused its discretion in denying her Rule 35 motion. Accordingly, the order denying Fortner's Rule 35 motion for reduction of sentence is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.